UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASOOD DARWISH PYMANEE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　Respondents. | Case No. 5:26-cv-00190-CV (DTB)<br><br>**ORDER GRANTING IN PART UNOPPOSED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [5]** |

　　　On January 16, 2026, Petitioner Masood Darwish Pymanee ("Petitioner") filed an Ex Parte Application for Temporary Restraining Order ("Application"). Doc. # 5 ("App."). On January 20, 2026, Respondents filed a Notice of Non-Opposition to the Application. Doc. # 10. Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

**I.　INTRODUCTION**

　　　On January 15, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 (the "Petition") against the Secretary of the Department of Homeland Security ("DHS"), Kristi Noem; the Attorney General of the United States,

Pamela J. Bondi; the Acting Director of Immigration and Customs Enforcement ("ICE"), Todd Lyons; the Acting Director of the Los Angeles Field Office, ICE, Enforcement and Removal Operations, Jamie Rios; the Warden of the Adelanto ICE Processing Center, Fereti Semaia; ICE; and DHS. Doc. # 1 ("Pet.").

On January 16, 2026, Petitioner filed the Application, seeking a Temporary Restraining Order ("TRO") that would: (1) restrain Respondents from transferring Petitioner outside the Central District of California during the pendency of his Petition and order he be returned if he has already been transferred outside of the Central District; (2) order Petitioner's immediate release on an Order of Supervision, until such time as Respondents comply with the regulations governing revocation of an Order of Supervision and present sufficient evidence to the Court that Petitioner's removal from the United States is reasonably foreseeable; (3) restrain Respondents from removing Petitioner to a third country without written notice and a meaningful opportunity to raise a fear-based claim for withholding of removal or protection under the Convention Against Torture prior to removal. Doc. # 5-2.

## II.  FACTUAL BACKGROUND

Petitioner is a citizen of Afghanistan, and has lived in the United States since the 1980s after he entered the country as a refugee. Pet. ¶ 2. In or around 2010/2011, an Immigration Judge ordered Petitioner's removal to Afghanistan, but granted his application for withholding of removal. *Id.*

After Petitioner was ordered removed, he was released on an order of supervision ("OSUP"), which required yearly check-ins with ICE. *Id.* ¶ 3. Petitioner completed the yearly check-ins, and appeared for one such check in on January 2, 2026, where he was detained and transferred to the Adelanto ICE Processing Center in Adelanto, California, where he remains today. *Id.* ¶¶ 3, 4. He was told he was re-detained "because of the new policies in the Trump Administration," but was not given notice or provided an interview to contest his re-detention. *Id.* ¶ 4.

### III. <u>LEGAL STANDARD</u>

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

### IV. <u>DISCUSSION</u>

Petitioner argues that he is entitled to release from custody because his ongoing detention violates his Fifth Amendment right to due process, and the Immigration and Nationality Act ("INA"), and the INA's regulations. App. at 13.

Because Respondents do not oppose the issuance of a TRO, and because this Court has previously found that a TRO is warranted under similar circumstances (*see, e.g., Le v.*

*Bowen*, No. 5:25-cv-03586-CV (BFM) (C.D. Cal. Jan. 9, 2026) (Doc. # 10)), the Court finds that the issuance of a TRO is proper.

Specifically, the Court will grant Petitioner's request that he not be transferred outside of the Central District of California during the pendency of the proceedings, and that he be immediately released and not re-detained unless Respondents comply with the regulations governing revocation of an Order of Supervision.

However, because the Court seeks to go no further than necessary to ensure that Petitioners receive the appropriate due process protections, the Court will not impose the requirement that Respondents not re-detain Petitioner until they "present sufficient evidence to the Court that Petitioner's removal from the United States is reasonably foreseeable," or the requirements related to removal to a third country and Petitioner's opportunity to raise a fear-based claim for withholding of removal or protection under the Convention Against Torture prior to removal. "Courts should act cautiously when reviewing matters entrusted to the Executive Branch, especially those involving immigration, lest it alter the balance between co-equal branches of government." *Jazi v. Rubio*, No. 25-cv-27 BEN, 2025 WL 2420690, at *2 (S.D. Cal. Aug. 20, 2025); *see also Noem v. Vasquez Perdomo*, 146 S.Ct. 1, 2025 WL 2585637, at *5 (2025) (Kavanaugh, J., concurring) ("Especially in an immigration case like this one, it is also important to stress the proper role of the Judiciary . . . . [W]e . . . must decline to step outside our constitutionally assigned role to improperly *restrict* reasonable Executive branch enforcement of the immigration laws." (emphasis in original)). Moreover, Petitioner's claims regarding removal to a third country are purely speculative at this stage, and it is well settled that "speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Finally, the security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood

of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

## V. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Petitioner's Application and ORDERS as follows:

1. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without compliance with applicable INA Regulations.

2. To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

3. This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on February 4, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

4. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than January 28, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than February 2, 2026.

5. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

**IT IS SO ORDERED**.

Dated: 1/22/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE